IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| SANDRA C. MATTOX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21-cv-1011 |
| | ) | |
| NORTHEAST ILLINOIS REGIONAL | ) | |
| COMMUTER RAILROAD CORP., d/b/a | ) | |
| METRA, NATIONAL RAILROAD | ) | |
| PASSENGER CORPORATION, d/b/a AMTRAK, | ) | **DEFENDANT DEMANDS** |
| CHICAGO UNION STATION COMPANY, | ) | **TRIAL BY JURY** |
| JONES LANG LASALLE AMERICAS, | ) | |
| (ILLINOIS), LP, | ) | |
| | ) | |
| Defendants. | ) | |

**NATIONAL RAILROAD PASSENGER CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOW COMES Defendant NATIONAL RAILROAD PASSENGER CORPORATION

("Amtrak"), by and through its attorneys, ANDERSON, RASOR & PARTNERS, LLP, for its

Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, states as follows:

**COUNT I**

1.       Pursuant to stipulation by and between Plaintiff and Defendant, the limitations

period for filing this action was extended to May 31, 2020.

**ANSWER:**       Amtrak denies this allegation to the extent "Defendant" refers to Amtrak.

To the extent the allegation is directed to Metra, Amtrak lacks sufficient knowledge or

information to form a belief as to the truth of the allegations of this paragraph and therefore can

neither admit nor deny them.

2.      On and prior to April 22, 2019, Defendant, METRA, owned, operated, controlled and conducted business as a common carrier by railroad at the property at 225 Canal Street in the City of Chicago, County of Cook, and State of Illinois ("Union Station").

**ANSWER:**      Amtrak admits that on April 22, 2019, Metra was a common carrier by railroad, that it conducted business at the property known as Chicago Union Station, and that it owned and operated certain trains and their railcars at the location, but denies that Metra owned the station, and denies any remaining allegations of this paragraph.

3.      On and prior to April 22, 2019, Defendant METRA owned, operated, controlled, maintained certain passenger trains at Union Station.

**ANSWER:**      Amtrak admits that Metra operated and maintained certain passenger trains that entered and departed Chicago Union Station, but lacks sufficient knowledge or information to form a belief as to the truth of the allegations that Metra owned the trains, and therefore can neither admit nor deny those allegations.  Amtrak denies the remaining allegations as legal conclusions of the pleader.

4.      Defendant METRA is and was on April 22, 2019 a common carrier by rail, and as a result of its status as a common carrier, owed its passengers the highest duty of care consistent with the practical operation of its conveyances.

**ANSWER:**      Amtrak admits that Metra was a common carrier, but admits that it owes those duties imposed by law but denies any remaining inconsistent allegations of this paragraph.

5.      At the time and place aforesaid, specifically April 22, 2019 at approximately 8:30 a.m., Plaintiff, SANDRA C. MATTOX, was a passenger on the METRA North Central Service, Passenger Train Number 918 (hereinafter "Train"), and upon reaching Union Station, attempted

to alight from Defendant's train at a track platform, commonly known as Track 28 (hereinafter 'Platform"), and was at all times legally on the premises.

**ANSWER:**    Amtrak lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore can neither admit nor deny them.

6.    At all times relevant, Plaintiff, SANDRA C. MATTOX, was exercising due care for her safety.

**ANSWER:**    Amtrak denies the allegations of this paragraph.

7.    On the aforementioned date and time, Plaintiff, SANDRA C. MATTOX, as she attempted to alight from Defendant METRA's Train and while stepping down to the platform-level at and on the Union Station Platform, was caused to fall in an area of the Platform that dipped substantially below the main platform level, sustaining severe injuries.

**ANSWER:**    Amtrak lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore can neither admit nor deny them.

8.    At the time and place aforesaid, the Defendant, METRA had the duty to exercise the highest duty of care in the operation, control and maintenance of its Train, and use of the Platform and premises so that the premises would be reasonably safe for the persons lawfully on it.

**ANSWER:**    Amtrak admits only that Metra owes those duties imposed by law but denies any remaining inconsistent allegations of this paragraph.

9.    Notwithstanding said duty, the Defendants, METRA, breathed said duty in one or more of the following ways:

   a.    Carelessly and negligently failed to provide a safe means of exit from said train;

      b.      Carelessly and negligently stopped its train by an area of the platform where it was unsafe to disembark, and which the Defendant knew, or upon the exercise of ordinary care would have known, was an unsafe condition;

      c.      Carelessly and negligently failed to provide conductors and/or other personnel to assist passengers in exiting the train at said location;

      d.      Carelessly and negligently failed to warn the Plaintiff of said unsafe and hazardous condition;

      e.      Carelessly and negligently failed to a make proper inspection of the area of the platform where Plaintiff was forced to disembark the train;

      f.      Otherwise carelessly and negligently operated, maintained and controlled said premises.

**ANSWER:**    Amtrak denies that the area of the platform where the passengers disembarked was unsafe for deboarding, but lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations and therefore can neither admit nor deny them.

10.     That as a direct result and proximate result of one or more of the foregoing acts or omissions of the Defendant, the Plaintiff sustained injury to her body and limbs, all of which injuries are permanent in nature; that the Plaintiff has lost and will in the future lose great sums of money from her employment; that the Plaintiff has incurred and will in the future incur great medical expense in an effort to cure said injuries; that the Plaintiff has suffered and will in the future suffer great pain and agony because of said injuries; and that the Plaintiff has been and will in the future be greatly disabled because of said injuries.

**ANSWER:**    Amtrak denies the allegations of this paragraph.

## COUNT II

1.     On and prior to April 22, 2019, the Defendants owned, operated, managed, maintained, controlled and/or had easement rights to a certain train station, including certain

passenger platforms and railroad tracks, commonly known as "Union Station" located at or about 225 South Canal Street, Chicago, Illinois.

**ANSWER:**  Amtrak denies these allegations to the extent they are directed at Chicago Union Station Company, as it was not an existing entity at the time of the claimed incident. Answering further, Amtrak admits that it owned and maintained the property commonly known as Chicago Union Station, including the station passenger platforms and railroad tracks, but denies the remaining allegations of this paragraph as legal conclusions of the pleader.

2.     In connection with the aforesaid premises and business, Defendants maintained certain platforms, including a track platform commonly known as Track 28 (hereinafter "Platform") that were intended for the use of customers, employees, agents, business invitees and independent contractors, and further controlled track usage and/or assignments; it then and there became the duty of the Defendants to maintain such platforms and control such track usage and/or assignments so as not to expose customers to hazardous conditions.

**ANSWER:**  Amtrak denies these allegations to the extent they are directed at Chicago Union Station Company, as it was not an existing entity at the time of the claimed incident. Further answering this paragraph, Amtrak admits that it maintained the track platforms, including those adjacent to Track 28 that were for the intended users of the platforms, that its train directors allowed access for the trains into the station tracks based on requests from Metra and track availability, and that it owes those duties imposed by law but denies any remaining allegations of this paragraph.

3.     At the time and place aforesaid, specifically April 22, 2019 at approximately 8:30 a.m., Plaintiff, SANDRA C. MATTOX, was a passenger on the METRA North Central Service, Passenger Train Number 918 (hereinafter "Train"), and upon reaching Union Station, attempted

to alight from Defendant's train at a track platform, commonly known as Track 28 (hereinafter "Platform"), and was at all times legally on the premises.

**ANSWER:**    Amtrak denies these allegations to the extent they are directed at Chicago Union Station Company, as it was not an existing entity at the time of the claimed incident. Amtrak additionally denies that Plaintiff was alighting from one of its trains. Amtrak lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and therefore can neither admit nor deny them.

4.    At all times relevant, Plaintiff, SANDRA C. MATTOX, was exercising due care for her safety.

**ANSWER:**    Amtrak lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph and therefore can neither admit nor deny them.

On the aforementioned date and time, Plaintiff, SANDRA C. MATTOX, as she attempted to alight from METRA's Train and while stepping down to the platform-level at and on the Union Station Platform, was caused to fall in an area of the Platform that dipped substantially below the main platform level, sustaining severe injuries.

**ANSWER:**    Amtrak denies the allegations of this unnumbered paragraph to the extent they are directed at Chicago Union Station Company, as it was not an existing entity at the time of the claimed incident. Further answering this unnumbered paragraph, Amtrak lacks sufficient knowledge or information as to the car in which Plaintiff was located, or the location from which she was attempting to alight in order to form a belief as to the truth of those allegations, and therefore can neither admit nor deny them. Amtrak denies that Plaintiff sustained severe injuries.

5.    On and prior to April 22, 2019, Defendants knew or in the exercise of ordinary care should have known that the Platform where Plaintiff fell was in a defective and/or

dangerous condition, which condition posed an unreasonable risk of injury to passengers

disembarking the Train in that area, including the Plaintiff, SANDRA C. MATTOX.

**ANSWER:**     Amtrak denies these allegations to the extent they are directed at Chicago

Union Station Company, as it was not an existing entity at the time of the claimed incident.

Further answering this paragraph, Amtrak denies the allegations of this paragraph.

6.     Notwithstanding said duty as heretofore alleged, Defendants, then and there
carelessly and negligently did, or failed to do one or more of the following acts:

    a.     Failed to keep the platform at Chicago Union Station free from defects and
    in a reasonably safe condition;

    b.     Failed to exercise reasonable care in the maintenance of said platform;

    c.     Failed to warn persons such as Plaintiff of the dangerous conditions then
    and there existing;

    d.     Failed to control track assignments so as to avoid exposing Plaintiff to an
    unsafe platform;

    e.     Failed to inspect the platform for defects and fall hazards.

**ANSWER:**     Amtrak denies these allegations to the extent they are directed at Chicago

Union Station Company, as it was not an existing entity at the time of the claimed incident.

Further answering, Amtrak denies each and every allegation of this paragraph, including (a)

through (e).

7.     By reason of the premises and as a direct and proximate result of the aforesaid

careless and negligent acts, or omissions, of the Defendants, Plaintiff, SANDRA C. MATTOX,

was caused to fall down on the platform and/or adjacent ground at the at the aforesaid

premises/business severely injuring himself.

**ANSWER:**    Amtrak denies these allegations to the extent they are directed at Chicago Union Station Company, as it was not an existing entity at the time of the claimed incident. Further answering, Amtrak denies the allegations of this paragraph.

8.    By reason of the premises and as a direct and proximate result of the aforesaid careless and negligent acts, or omissions, of the Defendants, Plaintiff, SANDRA C. MATTOX, was caused to suffer diverse temporary and permanent disabling injuries, by reason of which Plaintiff has expended and incurred obligations for medical expenses and care and will, in the future, expend and incur such further obligations; Plaintiff, SANDRA C. MATTOX, has been and will be prevented from attending to her usual affairs and duties and has lost and will continue to lose great gains she would otherwise have made and acquired.

**ANSWER:**    Amtrak denies these allegations to the extent they are directed at Chicago Union Station Company, as it was not an existing entity at the time of the claimed incident. Further answering, Amtrak denies the allegations of this paragraph.

WHEREFORE, Defendant NATIONAL RAILROAD PASSENGER CORPORATION prays for the entry of an Order dismissing Plaintiff's First Amended Complaint with prejudice and with costs inasmuch as Plaintiff is entitled to no recovery from this Defendant.

## FIRST AFFIRMATIVE DEFENSE

Further answering Plaintiff's First Amended Complaint but without a waiver of the denials contained therein, Defendant states that if plaintiff was injured as alleged, her injuries were caused in whole or in part by her own contributory negligence in failing to observe the conditions around her as she disembarked from the train, failing to maintain a handhold on the train as she disembarked, failing to request assistance if she thought assistance was needed or that the step was longer than usual, failing to use another of the many available exits and

otherwise failing to exercise due care for her own safety. Accordingly, Plaintiff's recovery should be barred in the event her own contributory negligence exceeded 50% of the total fault, or alternatively, her recovery should be reduced by the percentage of her fault.

### SECOND AFFIRMATIVE DEFENSE

Further answering Plaintiff's First Amended Complaint but without a waiver of the denials contained herein, Defendant states that if it is liable, it is liable only for that portion of damages recoverable, if any, that the amount of this defendant's fault bears to the aggregate amount of fault of all other tortfeasors.

### THIRD AFFIRMATIVE DEFENSE

Further answering Plaintiff's First Amended Complaint but without waiver of the denials contained in their answer, Defendant states that if the plaintiff was injured as alleged, that said injuries were caused by the negligence of third parties over which this defendant had no control.

### FOURTH AFFIRMATIVE DEFENSE

Further answering Plaintiff's First Amended Complaint, but without waiver of the denials contained in its answer, Defendant states that any claims alleging improper construction or design of the station platforms are time-barred pursuant to 735 ILCS 5/13-214(b).

NATIONAL RAILROAD PASSENGER
CORPORATION


By:   /s/  Susan K. Laing
        One of its attorneys

Susan K. Laing
Anderson, Rasor & Partners, LLP
150 South Wacker Drive, Suite 350
Chicago, Illinois 60606
(312) 673-7813 (S.K.Laing)
susan.laing@arandpartners.com

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, an attorney, certify the foregoing **NATIONAL RAILROAD PASSENGER CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** was served upon:

> Michael B. Gunzburg
> **Ridge & Downes**
> 230 West Monroe Street, Suite 2330
> Chicago, IL 60606
> mgunzburg@ridgedownes.com

> Jamie V. Harrmann
> Sue-Ann Rosen
> Russal John Anderson
> Thomas J. Platt
> **Metra Law Department**
> 547 W. Jackson Blvd.
> Chicago, IL 60661
> jharrmann@metrarr.com
> srosen@metrarr.com
> rjanderson@metrarr.com
> tplatt@metrarr.com

by electronically filing same using the CM/ECF system, which will send notification of such filing to all counsel of record, on March 10, 2021.

    /s/ Susan K. Laing

Susan K. Laing
Anderson, Rasor & Partners, LLP
150 South Wacker Drive, Suite 350
Chicago, Illinois 60606
(312) 673-7813 (S.K.Laing)
(312) 673-7800 (Office)
susan.laing@arandpartners.com